**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JUAN-CARLOS BARRIOS, SUI JURIS,**

***Plaintiff*,**

**v.** **Case No. 5:26-CV-0492-JKP**

**NEWREZ LLC, et al.,**

***Defendants*.**

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Report and Recommendation of United States Magistrate Judge ("R&R") filed April 22, 2026, (ECF No. 19). The Magistrate Judge recommends that, pursuant to the screening provision of 28 U.S.C. § 1915(e)(2), the Court dismiss this action for failure of Plaintiff to state a claim.

When the Magistrate Judge granted Plaintiff permission to proceed with this action without prepayment of fees, the Magistrate Judge also ordered Plaintiff to file a more definite statement to assist the Court in understanding the claims asserted in this case. *See* ECF No. 3. Through that order, the Magistrate Judge brought the pleading deficiencies to Plaintiff's attention and ordered him to file a more definite statement. The Magistrate Judge stated that the Court would use the more definite statement to assist in evaluating whether Plaintiff has stated a plausible claim for relief before ordering service on any defendant.

Plaintiff timely filed a response (ECF No. 7) and an amended complaint (ECF No. 8). Within a month, Plaintiff filed another amended complaint. *See* ECF No. 9. The Magistrate Judge considered both amendments and the response before recommending that the Court dismiss this action for the failure of Plaintiff to state a claim upon which relief can be granted. Alt-

hough the Magistrate Judge informed Plaintiff that he had fourteen days to file objections that "specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections," Plaintiff has filed no objections. He has, however, filed (1) a motion for temporary restraining order ("TRO") (ECF No. 22) intended to prevent the foreclosure of certain property and (2) two motions to file an amended complaint (ECF Nos. 24 and 25), the first of which includes a title of "Judicial Notice and asks the Court to carefully consider the ramifications of a premature dismissal, and the second includes a title of "Writ of Mandamus" and purports to seek to compel the United States District Court for the Western District of Texas to essentially proceed with this case.

Any party who seeks review of all or a portion of an R&R must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). For dispositive matters, such as presented by the R&R in this case, the Court reviews de novo those portions of the R&R to which an objection is made. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); Fed. R. Civ. P. 72(b)(3). Reviewing courts, however, need not consider "[f]rivolous, conclusive, or general objections." *Mathis v. Bexar Cnty.*, No. SA-22-CV-01277-JKP, 2023 WL 5983877, at *2 (W.D. Tex. Sept. 14, 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). If a party does not timely object, the District Court may review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam)).[1]

---

[1] While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were

Even though Plaintiff has made three filings within the fourteen-day window for objections, none of them assert any specific objection to the R&R. The TRO motion does nothing more than seek to prevent foreclosure. It does not mention the R&R. Through the Writ of Mandamus motion to amend, Plaintiff wants to compel the Court to act on jurisdictional and substantive matters related to this case. He contends that he has standing to assert his claims and this Court has jurisdiction to consider them. However, the R&R in this case is not based upon any lack of jurisdiction.

Through the Judicial Notice motion to amend, Plaintiff sought to formally address issues concerning the potential premature dismissal of this case. Plaintiff therein explains that the case involves claims of aggravated perjury and racketeering under RICO. He asserts that his claims should not be prematurely dismissed on "procedural grounds" and that such dismissal "would undermine the judicial process and deny [him] the right to a fair [and] impartial trial." But applying 28 U.S.C. § 1915(e)(2) is no mere procedural matter. The statute mandates that courts screen cases proceeding in forma pauperis. And when an action fails to state a claim upon which relief may be granted, the statute mandates dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Despite Plaintiff's various, post-recommendation filings, he has neither identified any error nor cited any clear or obvious law that the Magistrate Judge has disregarded. He has asserted no specific objection to any finding of fact or conclusion of law. There is no plain error under these facts. *See Garces v. U.S. Dep't of Just., Civ. Rights Div.*, No. 25-50517, 2025 WL 3281415, at *2 (5th Cir. Nov. 25, 2025) (per curiam). To the extent Plaintiff's post-recommendation filings assert anything that could be construed as an objection, they amount to no more than a conclusory or general objection that the Court need not consider.

---

ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Wilson*, 864 F.2d at 1221.

Consistent with § 636(b)(1)(C) and Rule 72(b)(2), the Court has reviewed the subject R&R for clear error on the face of the record. The Court finds no such error. Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation (ECF No. 19). As recommended, the Court **DISMISSES** this action with prejudice for the failure of Plaintiff to state a claim upon which relief can be granted. To the extent Plaintiff moves to file another amended complaint through the two pending filings that have been docketed as motions to amend (ECF Nos. 24 and 25), the Court **DENIES** such motions. It also **MOOTS** the motion for TRO (ECF No. 22). The Court will issue an appropriate final judgment by separate filing.

**IT IS SO ORDERED this 29th day of September 2026.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**